UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Wael A. Mohammed,

                Plaintiff,

                                        Civ. No. 07-3037 (RHK/JSM)
                                        **ORDER**

v.

Denise Frazier, *et al.*,

                Defendants.

---

      Plaintiff Wael Mohammed commenced this action against the Director of the Federal Bureau of Investigation, the Attorney General of the United States, the Secretary of Homeland Security, and several officials working for the Bureau of Citizenship and Immigration Services ("CIS"), seeking a writ of mandamus compelling CIS to adjudicate his application for adjustment of status. Defendants moved to dismiss, arguing *inter alia* that the Court lacks subject-matter jurisdiction over Mohammed's Complaint. On December 28, 2007, Magistrate Judge Mayeron issued a Report and Recommendation in which she recommended (among other things) that Defendants' Motion be denied.

      Mohammed and Defendants filed Objections to the Report and Recommendation, and Mohammed filed a Rebuttal to Defendants' Objections. In his Rebuttal, however, Mohammed indicated that his application for adjustment of status was denied by CIS on January 15, 2008. (See Rebuttal at 5 & Ex. 1.) Accordingly, on January 22, 2008, the

Court issued an Order to Show Cause requiring Mohammed to explain why his Complaint had not been rendered moot by CIS's denial of his application.

On January 29, 2008, Mohammed filed his Response to the Court's show-cause Order, arguing that this action had not been rendered moot because CIS's denial of his application was illegal and was an *ultra vires* act. (See Response at 1-2.) This argument is unpersuasive. The Complaint sought only one form of relief: an Order compelling CIS to act on Mohammed's application. (See Compl. at 10 (asking the Court to "Order Defendants to instruct their agents to promptly adjudicate Plaintiff's case within 30 days or earlier").) Now that CIS has denied the application, there is no further relief sought in the Complaint for the Court to grant, regardless of the legality (or alleged lack thereof) of CIS's actions.

Although the Complaint is now moot,[1] Mohammed has also asked the Court for leave to amend the Complaint to challenge CIS's "unlawful" denial of his application. (Response at 2-3.)[2] The Government responds that the proposed amendment would be futile because Congress has stripped the federal courts of jurisdiction to review CIS's adjustment-of-status decisions. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), however, a plaintiff may amend his complaint *as of right* at any time before he has been served with a "responsive pleading." Defendants have not filed an Answer to the

---

[1] Because the Complaint is moot, Defendants' Motion to Dismiss and the parties' Objections to Magistrate Judge Mayeron's Report and Recommendation also are moot.

[2] Mohammed has also separately filed a Motion for Leave to Amend (Doc. No. 38).

Complaint, and their Motion to Dismiss is not a "responsive pleading" under Rule 15. See Winfrey v. Brewer, 570 F.2d 761, 764 n.4 (8th Cir. 1978) ("A motion to dismiss is not a 'responsive pleading' for purposes of [Rule 15]."); James V. Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282 (D.C. Cir. 2000) ("We have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15."); see also Fed. R. Civ. P. 7(a), (b) (noting difference between pleadings and motions).  Accordingly, Mohammed was not required to obtain leave before filing his proposed Amended Complaint.  Nevertheless, because Mohammed has sought such leave, the Court will grant Mohammed's Motion to remove any confusion in the docket.

Finally, to the extent that Defendants believe the Court lacks jurisdiction over Mohammed's Amended Complaint, they may file before Magistrate Judge Mayeron a motion to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. The parties' Objections (Doc. Nos. 28, 29) to the Report and Recommendation are **OVERRULED** as moot;

2. Mohammed's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** as moot;

3. Defendants' Motion to Dismiss (Doc. No. 8) is **DENIED** as moot; and

4.       Mohammed's Motion for Leave to Amend (Doc. No. 38) is **GRANTED**. Mohammed is **DIRECTED** to serve and file his Amended Complaint, in the form attached to the Motion for Leave to Amend, within 10 days of the date of this Order.

Dated: February 8, 2008

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge
